UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO.  7:03-CV-00338-KKC

MARGARET RAMEY, Administratrix of the Estate
of Truman Ramey,                                                                                PLAINTIFF,

v.                                        **MEMORANDUM OPINION & ORDER**

UNITED STATES,                                                                          DEFENDANT.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Dismiss (Rec. No. 33) of the Defendant, the

United States (the "Government").  For the following reasons, the Court GRANTS the motion.

**I.       FACTS.**

Margaret Ramey filed this action in her individual capacity and in her capacity as the

administratrix of the estate (the "Estate") of Truman Ramey, her husband.  (Rec. No. 1, Complaint).

In the Complaint, Margaret Ramey alleges that the Government, through its employees at the

Veteran's Administration clinic in Prestonsburg, Kentucky, failed to properly diagnose and treat her

husband's heart disease and that this was a substantial factor in causing his death.  (Rec. No. 1,

Complaint, ¶¶2- 4).

The Complaint appears to assert, on behalf of the Estate, a personal injury and wrongful

death claim. (Rec. No. 1, Complaint ¶¶ 6, 7).  The Complaint also appears to assert a loss of

consortium claim on behalf of Margaret Ramey, individually. (Rec. No. 1, Complaint ¶¶ 6, 7).   The

Complaint seeks damages of $500,000 for the personal injury and loss of consortium claim and

$500,000 for the wrongful death claim. (Rec. No. 1, Complaint ¶7).

The Government filed a Motion to Dismiss (Rec. No. 6) Margaret Ramey's individual claim

for loss of consortium.  The Government asserted that, pursuant to 28 U.S.C. § 2675(a), the Court lacked subject matter jurisdiction over Margaret Ramey's individual claim because she had not filed an administrative claim in her individual capacity prior to filing this lawsuit.  The Court dismissed Margaret Ramey, individually, as a plaintiff and dismissed her individual claim for loss of consortium.  (Rec. No. 11).

The Government now files another Motion to Dismiss (Rec. No. 33) asking the Court to dismiss the Estate's damage claim for loss of household services.  While the Complaint does not explicitly seek such damages, the Government asserts that the Estate's Rule 26 expert witness report makes clear that it seeks damages for loss of household services.  The Estate has not disputed that it seeks such damages.

Citing to *Schulz v. Chadwell*, 558 S.W.2d 183 (Ky. App. 1977), the Government argues that a claim for loss of household services belongs to the spouse and not the Estate.  Thus, since the Estate is the sole plaintiff in this action, any claim by the Estate for such damages should be dismissed.

In its response, the Estate argues that *Schulz* provides that anyone suffering from personal injury has their own right to assert a claim for loss of household services.  The Estate argues that it has asserted a personal injury claim on behalf of Truman Ramey and, thus, may assert a claim for Truman Ramey's loss of household services resulting from his personal injury.

## II.    ANALYSIS.

In *Schultz*, the Kentucky Court of Appeals ruled that, "if a person is disabled from performing essential household tasks as a direct result of a tortious injury, the injured person should be able to recover the reasonable expense of hiring substitute help."  558 S.W.2d at 188.  Thus, in *Schultz*, the Court permitted the injured plaintiff to recover the actual costs of hiring a substitute to do housework

2

while the plaintiff was incapacitated. *Id.*  The Court further explained that "[r]ecovery for the expense of household help should be. . .  limited to the period of recuperation." *Id.*

Here, Truman Ramey did not have a period of incapacity in which he was required to employ a substitute to do household work.   Mr. Ramey had an apparent heart attack at about 7:30 a.m. on May 26, 2000 and was transported to Buchanan General Hospital where, a short time later, he was pronounced dead. (Rec. No. 35, Margaret Ramey Dep., pp. 41-64).  Truman Ramey did not, himself, incur any expenses to hire substitute help while he was incapacitated.  Thus, his Estate may not be reimbursed for any such expenses.

Accordingly, the Court hereby ORDERS as follows:

1)      the Government's Motion to Dismiss (Rec. No. 33) the Estate of Truman Ramey's claim for damages for loss of household services is hereby GRANTED; and

2)      the Estate of Truman Ramey shall not seek or recover any damages for loss of household services.

This 18th day of August, 2005.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**

3